IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

QUENTIN MATTHEW MOULDS                                                    PLAINTIFF

VS                                                   CIVIL ACTION NO. 2:10cv116-KS-MTP

WALTER YOUNG and
FORREST COUNTY                                                            DEFENDANTS

## ORDER

THIS MATTER is before the court on a Motion [15] to Appoint Counsel and for Issuance of Subpoenas. In the motion, Plaintiff seeks the production of a videotape and various witness statements, and he requests that court appoint him counsel.

This case is still in the screening stage, and no discovery and/or scheduling order has been entered. Defendants just answered the complaint on August 23, 2010. When the court holds an omnibus hearing, it will discuss the parties' discovery requests and set parameters and deadlines for discovery at the time. Accordingly, Plaintiff's requests for discovery and subpoenas are premature.

As for Plaintiff's request for counsel, there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d

1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213. It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees. *See Cain*, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211. After consideration of the entire court record along with the applicable case law, the Court has determined that Plaintiff's pleadings are well presented and contain no novel points of law which would indicate the presence of "exceptional circumstances." Indeed,

the complaint and other pleadings filed by Plaintiff present rather straight-forward claims of use of excessive force, denial of medical treatment and denial of hygiene products. In his motion, Plaintiff does not provide any reason why he should be appointed counsel. Accordingly, the court finds that Plaintiff's motion simply does not justify or merit the appointment of counsel or exhibit any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [15] to Appoint Counsel and for Issuance of Subpoenas is denied.

SO ORDERED and ADJUDGED this the 2nd day of September, 2010.

s/ Michael T. Parker
United States Magistrate Judge